**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALVIN ROBINSON                                                                            PLAINTIFF
ADC #95959

v.                                            5:16CV00233-KGB-JJV

WENDY KELLY[1], Director, Arkansas
Department of Correction; *et al*.                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted)

---

[1]Plaintiff named Defendant "Kelly" but the proper spelling is "Kelley." The Clerk shall amend the docket sheet to reflect the correct spelling.

1

was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    BACKGROUND

Alvin Robinson ("Plaintiff") is incarcerated at the Delta Regional Unit of the Arkansas Department of Correction, and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  He alleges Defendants violated his constitutional rights and Religious Land Use and Institutionalized Persons Act (RLUIPA) rights when they refused to allow him to wear a religious head garment - a "rasta hat" or "tam" - outside of his barracks.  (Doc. No. 2 at 3.)

Defendants have moved for summary judgment based on Plaintiff's failure to exhaust administrative remedies against them. (Docs. No. 19-21.) Plaintiff has responded (Doc. No. 22) and Defendants have replied (Doc. No. 23.)  Therefore, the matter is ripe for a decision.  After careful consideration of the pleadings in this matter, I find the Motion for Summary Judgment should be GRANTED.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics

of that particular prison's grievance policy.  *See Id.*

Plaintiff's allegations are governed by Arkansas Department of Correction Administrative Directive 14-16.  (Doc. No. 19-1.)  Inmates shall have "an administrative mechanism for the resolution of complaints, problems and other issues."  (Doc. No. 19-1 at 1.)  An inmate who believes he has been wronged is first required to file an informal resolution.  (*Id* at 1-2.)  If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response from the unit Warden, Health Services Administrator, or Mental Health Supervisor.  (*Id* at 9.)  If unsatisfied with the results of his grievance, an inmate may appeal to the Chief Deputy/Deputy/Assistant Director.  (*Id*. at 10.)  The Directive requires an inmate to file his formal grievance no later than six working days after the submission of the informal resolution.  (*Id*. at 8.)  "Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties."  (*Id*. at 5.)

### A.    Grievance Number DR-16-00140

Plaintiff first filed grievance number DR-16-00140, but it was rejected as filed untimely.  (Doc. No. 19-4.)  Inmate Grievance Supervisor Barbara Williams explained this grievance was rejected because Plaintiff failed to follow the grievance policy by submitting his step-two grievance within six working days from the submission of his step-one informal resolution.  (Doc. No. 19-2 at ¶ 12.)

In his appeal of DR-16-00140,  Plaintiff argues his grievance was not untimely because he submitted his informal resolution on March 3, 2016, received it back from Lt. Manning on March 17, 2016, and submitted it as a grievance that same day.  (Doc. No. 19-4 at 2.)  Plaintiff says, ". . . If anyone is untimely it's Lt. Manning."  (*Id*.)  But despite providing this information in his appeal, his

grievance was deemed untimely because he "failed to follow the grievance policy." (*Id.* at 3.)

Plaintiff's response also fails to rebut Defendants showing that his grievance was not exhausted. And his general denials are insufficient at the summary judgment stage. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.") (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569, 11 S.W.3d 531 (2000) (internal quotations omitted)). Therefore, I find Grievance DR-16-00140 was not exhausted and Defendants' Motion for Summary Judgment should be granted on this point.

### B.    Grievance Number DR-16-00210

Defendants argue grievance number DR-16-00210 is also fatally flawed because Plaintiff named none of the defendants in this case. (Doc. No. 20 at 5.) Grievance DR-16-00210 states Major Johnson was discriminating against him by refusing to allow him to wear his tam except in the barracks area or during religious services. (Doc. No. 19-5 at 1.)

Administrative Directive 14-16 requires Plaintiff to "name all parties during the grievance process" or risk having his "lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." (Doc. No. 19-1 at 5.) Plaintiff failed to name Defendants Kelley, Payne, Page and Gladden. Therefore, they should be dismissed.

Additionally, Defendant Ricky Johnson is not the correct defendant and should also be dismissed. In his declaration, Defendant Johnson states, "I have never been employed at the ADC's Delta Regional Unit." (Doc. No. 19-3 at ¶ 5.) Therefore, Defendant Ricky Johnson is not the Major Johnson who is alleged to have violated Plaintiff's rights.

In his Response, Plaintiff provides general denials and believes Defendants are trying to

mislead the Court, and the actual Major Johnson who violated his rights is "Rodrick Johnson" who is currently employed at the Varner Unit. (Doc. No. 22 at 1-2.)   As previously noted, Plaintiff's general denials are insufficient to overcome this Motion for Summary Judgment. And I wholly reject the argument that counsel is trying to mislead the Court.  Additionally, Defendants' Reply states the Varner Unit does not currently employ anyone named Rodrick Johnson. (Doc. No. 23 at 1-2.) So Defendants' Motion for Summary Judgment should be granted for all Defendants and this matter should be dismissed without prejudice for failure to exhaust administrative remedies.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    Defendants' Motion for Summary Judgment (Doc. No. 19) be GRANTED.

2.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice.

3.    The Clerk of the Court amend the docket to correct the spelling of Defendant Wendy Kelley.

4.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

Dated this 30th day of November, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE